SO ORDERED: September 20, 2018.



**Robyn L. Moberly**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Laurie Ann Shook FKA Laurie Ann Barnes | : | Case No.: 18-06396 - RLM |
| | : | Chapter 7 |
| | : | Judge Robyn L. Moberly |
| Debtor. | : | * * * * * * * * * * * * * * * * * * * * * * |
| | : | |

### ORDER ON CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY BECAUSE STATEMENT OF INTENT PROPOSES SURRENDER OF PROPERTY AND NOTICE OF OBJECTION DEADLINE WITH 30-DAY WAIVER (FIRST MORTGAGE)

For good cause shown, Nationstar Mortgage LLC d/b/a Mr. Cooper, its successor and assigns (hereinafter "Creditor")'s Motion for Relief from Automatic Stay and Abandonment of Property is hereby granted.

Creditor filed a motion that requested the Trustee be ordered to abandon his interest in the real property located at 5330 West 53rd Street, Indianapolis, IN 46254 pursuant to 11 U.S.C. § 554.

1

The objection deadline has passed, and the Trustee has not filed a written objection to the taking of the proposed action.

Therefore, it is ORDERED that the Trustee abandon his interest in the real property pursuant to 11 U.S.C. § 554.

Creditor's motion also requested relief pursuant to 11 U.S.C. § 362 so that it could accelerate the debt owed by Debtor herein and foreclose its mortgage on real property located at 5330 West 53rd Street, Indianapolis, IN 46254 (hereinafter "Real Estate"), and otherwise pursue Creditor's contractual and state law remedies.

The objection deadline has passed, and the Debtor has not timely filed a written objection to the taking of the proposed action.

Therefore, pursuant to 11 U.S.C. § 362, it is ORDERED that the stay that issued in this action is terminated with respect to Creditor, its successors and assigns, and that the fourteen (14) day stay of the order imposed by Bankruptcy Rule 4001(a)(3) is waived.

Creditor is hereby permitted to take any and all actions necessary to accelerate the balance due on the obligation, to foreclose its mortgage, to sell the collateral in accordance with state law, to apply the net proceeds to this obligation, and to otherwise exercise its contractual and state law rights as to the Real Property.

**SO ORDERED.**

### ###